**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

RAY CHRIS MOBLEY,
Plaintiff,

vs. Case No. 5:07cv118/RS/MD

FRANK MCKEITHEN, et al.,
Defendants.

---

**O R D E R**

This cause is before the court upon plaintiff's complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is evident that it is deficient in several significant respects. It is further evident that to the extent plaintiff asserts violation of his civil rights, the facts as presented fail to support a viable claim for relief against one or more of the named defendants. The court will therefore allow the plaintiff an opportunity to correct these deficiencies and clarify his allegations in an amended complaint.

Plaintiff is an inmate of the Walton County Jail ("Jail"). His complaint concerns his alleged false arrest in Panama City Beach, Florida on May 26, 2005, the use of excessive force during that arrest, inadequate medical treatment for an injury sustained during the arrest, and alleged assaults by officers and inmates during plaintiff's detention at the Bay County Jail. Plaintiff names eighteen defendants in this action, including the officers, deputies, and private citizens involved in his arrest, the Panama City Beach Police Department, the Bay County Sheriff's Office, and various municipal officials and entities.[1]

---

[1]The named defendants are: Frank McKeithen, Sheriff of Bay County, Florida; the City of Panama City Beach, Florida; the Panama City Beach Police Department ("PCBPD"); the Chielf of Police of the PCBPD; the Mayor of Panama City Beach; the Commissioners of Panama City Beach; the Councilmen of Panama City Beach; Vicky Heath, Deputy Sergeant with the Bay County Sheriff's Office (BCSO); Jimmy Williams, owner of Reids Court mobile home park; Reids Court Corporation; Officer Lupica, police officer with the PCBPD;

As relief, plaintiff seeks "disbarment" of defendant Deputy Vicky Heath, compensatory damages, and punitive damages.

Plaintiff's complaint is deficient in that it fails to give the defendants fair notice of what plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 512 L.Ed.2d 1 (2002). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [plaintiff] is entitled to relief, and (3) a demand for judgment for the relief [plaintiff] seeks. Fed.R.Civ.P. 8(a). Each averment of the complaint must be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). In the instant case, plaintiff Statement of Facts consists of a vague narrative of his arrest and detention,[2] and his Statement of Claims provides no insight concerning the basis for federal jurisdiction or the legal basis for recovery against the defendants. Indeed, plaintiff explicitly withholds the legal basis of his claims, explaining:

> I will soon be represented by an attorney and wish to allow him to address this legal question in fear I may say the wrong subsection, treaty, law, statute, etc. [sic]. I hope to be heard by Supreme Court of Florida for habeaus [sic] corpus this week. And their [sic] will also be other additional complaints filed by attorney. I needed to file this before statute of limitations expired, and pray this Honorable will allow this sufficient.

---

Officer Gleason, police officer with the PCBPD; Officer Evert, police officer wiht the PCBPD; Keith Gordon, EMT with Bay County; Darryl Hopkins, EMT with Bay County; Steve Harbuck, lieutenant with teh BCSO; and three private individuals: Dewey Johnson, Donald Johnson and Laura Johnson.

[2]The allegations of the complaint are as follows. On May 26, 2005 defendant Deputy Heath and defendant Williams conspired to have plaintiff "falsely arrested" on a "frivolous warrant." (Plaintiff does not disclose the nature of the offense for which he was arrested). During the course of the arrest, defendant Deputy Heath and defendant Police Officers Gleason and Evert allegedly "use[d] excessive force and unlawfull [sic] tactics and pressure points, breaking left wrist and doing bodily harm." Plaintiff seeks to hold the City of Panama City Beach, the Mayor of Panama City, the PCB Commissioners and Councilmen, the PCBPD, the Chief of the PCBPD, and Officer Lupica liable for the conduct of Heath, Gleason and Evert because plaintiff believes they should be "accountable."

Plaintiff asserts that EMTs Gordon and Hopkins "did not properly examine left wrist," and that Harbuck directed that plaintiff be admitted to the Bay County Jail instead of taken to a hospital so that Corrections Corporation of America, and not the BCSO, would be responsible for the cost of an x-ray. When at the Jail, defendant Heath allegedly retaliated against plaintiff for refusing to disclose his name by having plaintiff housed on the maximum security floor where he was later assaulted by unidentified officers and inmates.

Plaintiff asserts that "the Johnsons" made untrue statements to Officer Lupica which resulted in an additional false charge being filed against plaintiff.

(Doc. 1, p. 7). In amending, plaintiff must correct these deficiencies. To the extent he is concerned about the statute of limitations, he is advised that an action brought under 42 U.S.C. § 1983 in Florida claiming violation of one's civil rights is governed by Florida's four-year personal injury statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

In addition, plaintiff's complaint fails to comply with the rules of this court in that it is improperly formatted. Local Rule 5.1 requires documents to have approximately one and one-fourth (1 ¼) inch margins. N.D. Fla. Loc. R. 5.1(B)(3). Several pages of plaintiff's complaint have virtually no bottom margin.

Finally, to the extent plaintiff asserts claims under 42 U.S.C. §1983, he is advised of the following. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In the instant case, plaintiff sues several private parties. It is well-settled, however, that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). The allegations of the instant complaint fail to suggest the kind of joint action with state actors that would subject these private party defendants to § 1983 liability.

Furthermore, to the extent plaintiff seeks to impose § 1983 liability against municipal officials and entities on the grounds that they should be held "accountable" for the actions of their subordinates, plaintiff is advised that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between each defendant named and the injury allegedly sustained. *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001); *Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). A supervisor is not liable simply because he is the superior of another defendant. *Marsh, supra*; *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection may be established by proof that the official was personally involved in the acts that resulted in the constitutional deprivation, or where the official has established or utilized a policy or custom that results in deliberate indifference to a prisoner's rights. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted)*; Ancata v. Prison Health Servs., Inc*., 769 F.2d 700 (11th Cir. 1985). Alternatively, "[t]he necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003) (internal quotation marks and citation omitted). A single violation of constitutional rights does not amount to an official policy or custom resulting in the deprivation of an individual's constitutional rights. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Moreover, a supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1540 (11th Cir. 1994).

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses not to proceed with this action, he should file with the court a notice of voluntary dismissal. If plaintiff chooses to proceed with this action, he must completely fill out a new complaint form, marking it "**Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent that the case may proceed without the prepayment of the entire filing fee.

2. Because plaintiff has no funds accrued in his prison trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). The total filing fee in this case remains $350.00, however.

3. As funds become available in plaintiff's prison account, plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into the account) in each case he has filed in this court.[3] The agency having custody of the prisoner shall forward payments from the prisoner's account on a monthly basis to the clerk of court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full in each case.

The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number (i.e., 5:07cv118/RS/MD).

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall mail a copy of this order, with the appropriate cover letter to: Walton County Department of Corrections, Attn: Finance Department, 796 Triple "G" Road, DeFuniak Springs, FL 32433.

5. PLAINTIFF IS WARNED that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment. Furthermore, IF PLAINTIFF IS TRANSFERRED to another jail or correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this order for this purpose. Finally, plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

[3] Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

6. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number shall be written on the form.

7. Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

8. Failure to comply with this order as instructed will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 11th day of June, 2007.

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**